**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**
**CRIMINAL ACTION NO.: 3:14-CR-10-GNS**

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.

ALI AL-KADUMI                                                  DEFENDANT


## JURY INSTRUCTIONS
**********************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case, and third, some rules for your deliberations. A copy of these instructions will be available to you in the jury room.

### I.       GENERAL RULES CONCERNING JURY DUTY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole. The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### a.  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells

the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty. This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond reasonable doubt, say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

### b. EVIDENCE

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence you decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### c.  CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

  (a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.
  (b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?
  (c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.
  (d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?
  (e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.
  (f) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

One more important point about witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based solely on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### d. LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged. The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II.   RULES OF LAW

That concludes the part of my instruction explaining your duties and the general rules that apply in every criminal case. In a moment I will explain the elements of the crime that the defendant is accused of committing. But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

### a. DEFINITION OF CRIME

Count 1 of the indictment accuses the defendant of making false statements on his Application for Naturalization Form N-400 in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

- (a) First, that the defendant made a material false statement or declaration, either in an application document or an interview, or both.
- (b) Second, that the statement was made for the purpose of becoming a United States citizen.
- (c) Third, that an honest statement would predictably have disclosed other facts that are relevant or significant to the defendant's qualification to be a citizen, and
- (d) Fourth, that the defendant knew that the statement was false when he made it.

A "material" false statement or declaration is one that, at the time it was made, has the natural tendency to influence or is capable of influencing the decision of the Immigration and Naturalization Service.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### b. ON OR ABOUT

Next, I want to say a word about the date mentioned in the indictment. The indictment charges that the crime happened "on or about" June 26, 2008. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

### c. INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

### d. DELIBERATE IGNORANCE

Next, I want to explain something about proving a defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that using another person's name and identity was contrary to legally obtaining United States citizenship, then you may find that he knew he was committing a crime.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that one could not use the name and identity of another in order to become a United States citizen, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

### e. STATEMENT BY DEFENDANT

You have heard evidence that the defendant, Ali Al-Kadumi, made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the

defendant allegedly made it. You may not convict the defendant solely upon his own uncorroborated statement or admission.

### III.  JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some thigns about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.

If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### a.  EXPERIMENTS, RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkenIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or

inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### b.  UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find him not guilty, everyone one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### c.  UNANIMITY NOT RQUIRED – MEANS

One more point about the requirement that your verdict be unanimous. Count 1 of the indictment accuses the defendant of committing the crime of making false statements on his Application for Naturalization Form N-400 in more than one possible way.

The first is that he falsely stated his current legal name on Part 1, Section A of the Form N-400. The second is that he falsely answered Part 10, Section D, Question 15 on his Form N-400 by stating that he had not committed a crime or offense for which he was not arrested. The third is that he falsely answered Part 10, Section D, Question 24 on his Form N-400 by stating that he had never lied to any U.S. government official to gain entry or admission to the United States.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

### d.  DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change you mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

### e. PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond reasonable doubt.

### f. RETURN OF VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

"We, the Jury, find the Defendant, Ali Al-Kadumi: Guilty_____ Not Guilty _____.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

### g. VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT

Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

### h. JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of any evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

8