UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-10-GNS

UNITED STATES OF AMERICA      PLAINTIFF

V.

ALI AL-KADUMI      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant, Ali Al-Kadumi's ("Al-Kadumi") Rule 29(c)(1) Motion (DN 79) and in the alternative, Motion for New Trial (DN 80). For the reasons outlined below, both motions are **DENIED**.

### I. BACKGROUND

Al-Kadumi is a naturalized United States citizen who was born in Iraq and arrived in the United States in 1998. (Def.'s Mot. for New Trial 2). According to Al-Kadumi, he left for the United States to escape persecution by the Saddam Hussein regime. (Def.'s Mot. for New Trial 2). After arriving in the United States, Al-Kadumi took residence in Louisville, Kentucky, and worked for Enterprise Rent-a-Car for 17 years. (Def.'s Mot. for New Trial 2).

Al-Kadumi applied for United States citizenship by filing an N-400 form in 2008. (Pl.'s Resp. to Mot. for J. of Acquittal & Alternative Mot. for a New Trial 5, DN 82 [hereinafter Pl.'s Resp.]). Al-Kadumi made several false statements on this form regarding his name and identity. (Pl.'s Resp. 3). This motion is now ripe for decision.

Al-Kadumi was indicted under 18 U.S.C. § 1425(a) for false statements made on the N-400 naturalization form. (Indictment, 1-3). Al-Kadumi was convicted by unanimous jury verdict during the trial that was held on August 11-12, 2015. (Order 1-3, DN 78). Al-Kadumi subsequently filed the motions at issue. The United States filed its response to these motions on September 11, 2015. (Pl.'s Resp.). Al-Kadumi filed his reply to this motion on September 28, 2015. (Def.'s Reply to the Government's Resp. to his Mot. for a New Trial & Mot. for J. of Acquittal, DN 86 [hereinafter Def.'s Reply]).

## II.     STANDARD OF REVIEW

In seeking an acquittal under Federal Rule of Criminal Procedure 29(c)(1), Al-Kadumi's burden is a substantial one. The Court must view the evidence in the light most favorable to the prosecution when addressing a motion for judgment of acquittal. *United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010) (citation omitted). The Court must not weigh the evidence, consider the credibility, or substitute the Court's judgment for the judgement of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002) (citation omitted). The Court must afford the United States "the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial." *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004).  A judgment will be reversed "only if [the] judgment is not supported by substantial and competent evidence upon the record as a whole." *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005) (alteration in original) (citation omitted).

Al-Kadumi alternatively moves for a new trial under Rule 33(a). As with his Rule 29(c)(1) motion, Al-Kadumi bears a heavy burden. The Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision whether to grant a new trial is left to the sound discretion of the district court." *United States v.*

*Pierce*, 62 F.3d 818, 823 (6th Cir. 1995) (citation omitted). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (citation omitted). Furthermore, "it is widely agreed that Rule 33's interest of justice standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted). Yet, "new trial motions are disfavored and should be granted with caution." *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001) (citation omitted). The trial court should exercise this discretion "only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citation omitted). The defendant bears the burden of showing that a new trial should be granted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

### III.   DISCUSSION

Al-Kadumi first argues that the Court should overturn the jury's unanimous guilty verdict under the Federal Rule of Criminal Procedure 29(c)(1) in favor of acquittal. Alternatively, Al-Kadumi argues the Court should overturn the jury's verdict in favor of a new trial under Rule 33(a). The Court considers each argument in turn.

####   A.   Rule 29(c)(1) Motion

Al-Kadumi petitions the Court to overturn a unanimous jury verdict. The Court declines to do so. Al-Kadumi cites a handful of cases which he argues support the introduction of an "essential" element of "materiality" to the Court's jury instruction. (Def.'s Reply 1-2). Yet, this element was included in the jury instructions recited to the jury at trial. (Trial Tr. vol. 2, 134:13-

15). To the extent Al-Kadumi argues the jury incorrectly found this element existed in this case, the Court disagrees. Jonathan Crawford, who approved Al-Kadumi's N-400 application, testified that had he known Al-Kadumi was falsifying information on his N-400 form, that it "would have mattered" to his determination. (Trial Tr. vol. 2, 18:19-25). The United States established that Al-Kadumi lied on his N-400 form and that such a lie was material to the approval of such form. (Trial Tr. vol. 2, 18:19-25, 82:8-16). The Court finds that the evidence presented was more than sufficient as to deny the extraordinary measure of granting a motion for acquittal.

Al-Kadumi cites *United States v. Puerta*, 982 F.2d 1297 (9th Cir. 1992), to support his position that the Court should acquit him based on a lack of "materiality" to his false statements. (Def.'s Reply 2). The present case involves facts significantly distinguishable from those in *Puerta*. In that case, the interviewer had "no recollection" of the defendant's N-400 interview. *Puerta*, 982 F.2d at 1299. Here, the interviewer specifically testified that had he known Al-Kadumi was lying, that it would have influenced the interviewer's decision to approve Al-Kadumi's naturalization form. (Trial Tr. vol. 2, 18:19-25). Furthermore, the United States adequately established that Al-Kadumi made false statements on his N-400 form. (Trial Tr. vol. 2, 82:8-16). Therefore, not only is *Puerta* not binding on this Court, it also is inapplicable to the facts in the case at hand. The materiality of Al-Kadumi's false statements has been well established and the jury properly considered materiality when it rendered its verdict.

Finally, Al-Kadumi claims administrative and circuit law supports his position. (Def.'s Reply 5 (citing *Uanreroro v. Gonzalez*, 443 F.3d 1197 (10th Cir. 2006); *Matter of Pula*, 19 I&N Dec. 467 (BIA 1987))). He claims law outside of the jurisdiction has "developed an understanding" that usage of a false name is acceptable when used to escape "persecution." (Def.'s Resp. 5). The prosecution established that Al-Kadumi was not plausibly at risk for

persecution when he filed his N-400 in 2008, several years after any conceivable threat to him had passed. (Trial Tr. vol. 2, 103:7-20). Therefore, Al-Kadumi's argument has already been addressed. Thus, Al-Kadumi has failed to meet the high burden necessary to grant a Rule 29(c)(1) motion and therefore the Court denies this motion.

### B.   Motion for New Trial

Al-Kadumi alternatively requests a motion for a new trial. Al-Kadumi contends that the Court improperly 1) barred the defense from calling a cultural expert as a defense witness 2) refused defendant's tendered jury instruction on the defense of coercion/duress and 3) barred the defense from asserting that Al-Kadumi's conduct was done under coercion or duress in closing argument. (Def.'s Mot. for New Trial 4).

All evidence Al-Kadumi claims the Court improperly suppressed are related to Al-Kadumi's duress/coercion defense. Al-Kadumi's expert's relevancy is entirely determined by the validity of his duress/coercion defense.[1] In addition, "all facts" and "testimony of witnesses" Al-Kadumi alleges were improperly suppressed are relevant only if the coercion/duress defense is valid. (Def.'s Mot. for New Trial 4). Thus, the Court must determine if the defense of duress/coercion was improperly suppressed to rule on Al-Kadumi's motion.

The Court finds no reason to reconsider the duress/coercion defense in this case. Al-Kadumi simply re-hashes old arguments in order to make his Motion for a New Trial. The Court has already ruled that the duress/coercion defense is not applicable in this case because Al-Kadumi made false statements on the N-400 form several years after moving to the U.S. where

---

[1] Al-Kadumi's expert, Dr. Julie Peteet, would have testified to the cultural history of "dissimulation" in Arab-Islam religion. The practice was developed among those in the Shia religion to avoid persecution for their religious views. This testimony is relevant only to the extent of a duress/coercion defense and this is not contested by Al-Kadumi.

5

there were certainly no imminent threats to harm him from the regime of Saddam Hussein.[2] (Trial Tr. vol. 2, 103:7-20). Similarly, Al-Kadumi raises substantially the same arguments, utilizing the same cases as he made in his previous Response to the United States' Motion to Suppress Evidence. (Resp. to United States' Mot. to Suppress Evid. 1-9, DN 60). The Court declines to readdress these arguments. Thus, Al-Kadumi presents no "extraordinary circumstances" which would warrant granting a new trial. *See Ashworth*, 836 F.2d at 266. Therefore, Al-Kadumi's alternative motion for a new trial is also denied.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes Defendant, Ali Al-Kadumi's Rule 29(c)(1) Motion (DN 79) and his alternative Motion for a New Trial (DN 80) present no grounds to overturn the jury's verdict in favor of acquittal or a new trial. Therefore, **IT IS HEREBY ORDERED** that Ali Al-Kadumi's motions are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 27, 2015

cc: counsel of record

---

[2] Al-Kadumi lied on his citizenship application in 2008. Saddam Hussein was executed on December 30, 2006.